UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACEY COLVELL,
                      Plaintiff,

v.

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,
                      Defendant.
_____

5:12-CV-0305
(GTS/ATB)

APPEARANCES:

AMDURSKY, PELKY, FENNELL & WALLEN, P.C.
  Counsel for Plaintiff
26 East Oneida Street
Oswego, New York 13126

SOCIAL SECURITY ADMINISTRATION
OFFICE OF REG'L GEN. COUNSEL–REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

OF COUNSEL:

GREGORY R. GILBERT, ESQ.

SIXTINA FERNANDEZ, ESQ.

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Tracey Colvell ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security Disability and Supplemental Security Income benefits, is the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Defendant's decision be affirmed, and that Plaintiff's Complaint be dismissed in its entirety. (Dkt. No. 15.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is affirmed and adopted in its entirety.

I.      RELEVANT BACKGROUND

   A.     **Procedural History**

Because neither party has objected to Part I of Magistrate Judge Baxter's Report-Recommendation, setting forth the procedural background of this action, the Court adopts that part's description of this action's procedural background. (*See generally* Dkt. No. 15, at Part I [Report-Rec].)

Generally, in her brief in support of her Complaint, Plaintiff asserts the following five arguments: (1) the administrative law judge ("ALJ") erred in determining that Plaintiff did not qualify for a "closed period" of disability due to Plaintiff's hospitalizations for renal cancer and hernia surgery (Dkt. No. 12 at Point I); (2) the ALJ erred in finding Plaintiff's bilateral knee impairments and migraine headaches were not "severe" (*id*. at Point II); (3) the ALJ failed to give proper weight to treating physician, James Sawyer's opinion (*id*. at Point III); (4) the ALJ's credibility determination was not supported by substantial evidence (*id*. at Point IV); and (5) the ALJ erred in finding Plaintiff was capable of performing a full range of light work by failing to consult a vocational expert in accordance with the Appeal Council's remand order (*id*. at Point V).

Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 14.) For example, Defendant argues as follows: (1) the ALJ's assessment of Plaintiff's impairments throughout the sequential step evaluation was proper; (2) since the opinions of other examining physicians were more consistent with record evidence, the ALJ gave appropriate weight to Plaintiff's treating physician; (3) the ALJ properly found that Plaintiff's subjective

complaints of disabling pain were not credible; and (4) as Plaintiff's RFC assessment was well-supported by substantial evidence in the record, the ALJ was not obligated to retain a vocational expert. (*Id*. at Point C.)

B. **Magistrate Judge Baxter's Report-Recommendation**

On February 19, 2013, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendant's decision be affirmed, and that Plaintiff's Complaint be dismissed. (Dkt. No. 15.) Generally, in support of his Report-Recommendation, Magistrate Judge Baxter made the following five findings: (1) the ALJ correctly determined, based on substantial evidence, that Plaintiff's knee problems and migraines were not severe impairments; (2) the ALJ thoroughly examined and considered various medical and non-medical sources in determining Plaintiff's RFC; (3) by finding that Plaintiff's claims of pain and other limitations were inconsistent with both the medical records and Plaintiff's daily activities, the ALJ made a proper credibility determination; (4) evidence in the record was consistent with the ALJ's finding that Plaintiff was capable of performing light work; therefore, it was not necessary for the ALJ to consult a vocational expert; and (5) the ALJ correctly determined that Plaintiff was not entitled to a "closed period" of disability as record evidence failed to demonstrate that Plaintiff's hospitalization for renal cancer and hernia surgery contributed to Plaintiff's current symptoms or limitations. (*Id*. at Part VI.)

Neither party filed an Objection to the Report-Recommendation and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Baxter's Report-Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific", the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2)(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[2] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Standard Governing Judicial Review of Defendant's Decision**

Because neither party has filed an Objection to Part III of the Report-Recommendation, which correctly recited the legal standard governing judicial review of Defendant's decision, the Court adopts that part's recitation in this Decision and Order, which is intended primarily for the review of the parties. (Dkt. No. 15, at Part III.)

---

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil rule 72.3(a)(3)."); *Camardo v. Gen Motors Hourly-Rate Emp. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord*, *Praileau v. Cnty of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1n.1 (N.D.N.Y Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III. ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 15.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's decision is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: May 21, 2013
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge